## Caroline Fenter v. Melissa McKinstry et al.

1. VENDORS' LIENS—*Not Assignable—Waiver.*—A vendor's lien is incapable of assignment and the taking of other security operates as a waiver, and, in other ways manifesting an intention not to rely upon it as a right personal to the vendor, the lien may be waived or lost.

2. SAME—*Burden of Proof.*—Generally speaking the lien exists, and the burden of proof is upon the purchaser to establish that in his particular case it has been intentionally displaced or waived by the consent of the parties.

3. SAME—*What Operates to Destroy It.*—Any act or declaration of the vendor which shows that he does not rely upon or has abandoned the lien, operates to destroy it and prevents its attaching to the land.

4. SAME—*When It Attaches.*—Where from the circumstances of the

particular case it remains in doubt whether the vendor intentionally has waived his lien, the lien attaches.

**Bill for a Vendor's Lien.**—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNNE, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

JAMES W. & EDWARD C. CRAIG and JAMES F. HUGHES, attorneys for appellant.

A vendor's lien attaches and is available against the vendee himself, his heirs, devisees, and other immediate successors in interest, against purchasers and all persons claiming as volunteers or with notice. 28 Am. & Eng. Ency. of Law, 173; Dayhuff v. Dayhuff, 81 Ill. 499; Wilson v. Lyon, 51 Ill 169.

The taking of the notes of the purchaser or the renewal thereof is no waiver of the lien. 28 Amer. & Eng. Ency. of Law, 177; Conover v. Warren, 1 Gilm. 501; Boynton v. Champlin, 42 Ill. 65.

The recovery of a judgment at law is not a waiver of the lien. 28 Am. & Eng. Ency. of Law, pages 181–190.

The vendor may pursue his legal remedy if he prefers, without waiving his lien. 28 Am. & Eng. Ency. of Law, 182.

In a court of equity the purchaser and his successors in interest are charged as trustees to the extent of the purchase money for the benefit of the vendor. Beal v. Harrington, 116 Ill. 122; Moshier v. Meek, 80 Ill. 80; Vail v. Drexel, 9 Ill. App. 448.

The burden of proof of waiver of the lien rests upon the party alleging it. Wilson v. Lyon, 51 Ill. 169; Clark v. Moore, 64 Ill. 280; Koch v. Roth, 150 Ill. 225; 28 Am. & Eng. Ency. of Law, 176.

When the vendor transfers the purchase money note he is regarded as having received his pay, and the lien is gone. Moshier v. Meek, 80 Ill. 81.

Wherever the vendor still has a claim or interest or title to the purchase money notes, his lien is not waived. The

reason for the waiver when the notes are assigned absolutely, is that he is regarded as having received his pay. Whenever he has not in fact received his pay, the reason does not exist and the rule does not apply. Richards v. Leaming, 27 Ill. 433; Koch v. Roth, 150 Ill. 224.

Where the lien is not generally assignable it nevertheless has been held by the court that where the transfer is in payment of or as security for a debt of the vendor, the lien is preserved. 28 Am. and Eng. Ency. of Law, 171, 172; Koch v. Roth, 150 Ill. 224; Wing v. Goodman, 75 Ill. 159; Hallock v. Smith, 3 Barb. 272.

Equity disregards mere form and looks to the substance of the transaction in the application of equitable principles and this is especially so in the enforcement of vendor's liens. Beal v. Harrington, 116 Ill. 122; Koch v. Roth, 150 Ill. 225; 2 Warvelle on Vendors, 707.

Though the lien is not assignable if the vendor is obliged to take up the note which he has transferred by reason of its non-payment the lien is revived, and so where the note is transferred as security for a debt of the vendor the lien is preserved. 28 Am. & Eng. Ency. of Law, 171.

If the note given to the vendor for the purchase money is indorsed by him and afterward paid by him, his lien will revive and attach to it. 1 Perry on Trusts (4th Ed.), Sec. 238; 1 Lead. Ca. in Eq. 368.

The vendor's lien is based upon the theory that a vendee ought not to hold the land of another and not pay for it. 1 Perry on Trusts (4th Ed.), Sec. 232; Koch et al. v. Roth, 150 Ill. 225; 28 Am. & Eng. Ency. of Law, 158; Beal v. Harrington, 116 Ill. 122.

Generally speaking the lien of the vendor exists. The presumption in favor of the lien continues until it is displaced by satisfactory evidence that the lien has been abandoned or extinguished. 1 Perry on Trusts (4th Ed.), Sec. 236; 2 Story's Eq. Jur., Sec. 1224; Koch v. Roth, 150 Ill. 225; Wilson v. Lyons, 51 Ill. 166.

CLARK & SCOTT, attorneys for appellees.

When a vendor transfers the purchase money notes he is regarded as having received his pay, and the lien is gone, and does not pass to his assignee; and if the vendee sell the land to one not having notice of the lien, or not chargeable with notice, the lien will be lost. Moshier, Adm., v. Meek et al., 80 Ill. 79.

A vendor's lien is personal and can not be conveyed or assigned. Wing et al. v. Goodman, 75 Ill. 159; Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Ill. 524.

Any act of the vendor which manifests the intention not to rely upon such a lien prevents it from attaching, or destroys it after it has attached; and any act of the vendor which shows that he does not rely upon or has abandoned the lien, operates to destroy it or prevent its attaching to the land. Moshier, Adm., v. Meek et al., 80 Ill. 80; Trustee, etc., v. Wright et al., 11 Ill. 603.

The lien of a vendor can not prevail against the creditors of an estate; they stand as judgment creditors without notice, actual or constructive. Bayley v. Greenleaf et al., 7 Wheaton (U. S.), 46.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity by appellant against appellees to establish and enforce a vendor's lien. Appellant being the owner of one hundred and ten acres of land in Coles county, February 26, 1895, sold and conveyed it to Jonas McKinstry for $7,150, all but $5,200 being paid, for which latter sum the vendee executed to appellant two notes, March 16, 1895, each for $2,600, due March 1, 1896 and 1897, respectively, with interest at six per cent from the dates thereof. The note due March 1, 1897, was subsequently renewed by a note of $2,901.17, March 1, 1897, due December 1, 1897. The vendee died intestate January 3, 1898, without having paid the notes, leaving the appellees, Melissa McKinstry, his widow, and Felix McKinstry, his son and only heir at law, and the former was duly appointed administrator of the estate. Previous to his death Jonas McKinstry sold and conveyed a part of the one hundred

and ten acres, leaving only sixty acres off the east side of the northwest quarter of section 36, town 13, of which he died possessed, and upon which the lien is sought. The notes were presented as a claim against the estate, whether by appellant or by Midland National Bank of Newton, Kansas, is by the bill uncertain, and the balance due thereon, $4,487.47, allowed as a claim of the seventh class. During the life of·the vendee, appellant was indebted to the above named bank $2,972.57, and the notes were indorsed and deposited with such bank as collateral security for the same, and before the amended and supplemental bill was filed herein, appellant paid or otherwise secured her indebtedness to the bank, and the notes were restored to her. A demurrer was interposed and sustained to the amended and supplemental bill, and appellant abiding the same, a decree was entered dismissing it for want of equity, from which this appeal is brought, and such action of the court argued as error to effect a reversal.

The bill being uncertain upon the point whether the claim was probated against the estate in the name of appellant, or in the name of the bank, it will in accordance with the familiar rule of pleading be most strongly construed against appellant, and being so construed it will be considered the claim was probated by the bank and in its name.

It is argued in support of the decree that the notes having been indorsed by appellant and delivered to the bank as a pledge, she thereby divested herself of all titles thereto, which, combined with obtaining a judgment against the estate by and in the name of the bank, operated as a waiver of the vendor's lien, which, by the bill, she claims and seeks to enforce, and this forms the question for our decision.

It is familiar learning that a vendor's lien is incapable of assignment, and the taking of other security operates as a waiver, and, in other ways manifesting an intention not to rely upon it as a right personal to the vendor, the lien may be waived or lost, and the point in judgment here is whether, by the acts done and permitted by appellant, she has so waived or lost her lien. In Koch v. Roth, 150 Ill. 224, in

the discussion of the question whether the vendor's lien was lost, for reasons there being considered, the court remarked that upon principle there can be no good reason why there should not be a lien for unpaid purchase money due the vendor, whether such money is to be paid into the hands of the vendor himself, or into the hands of a creditor for his benefit. The obligation to pay in such cases is that of the vendee, and not that of a third person, and can not be regarded as the taking of such outside security as will waive the lien. The vendor's lien is based upon the theory that a vendee ought not to hold the land of another and not pay for it; and the rule that equity looks to substance and not form, is applicable to the enforcement of vendors' liens.

It has been held in Ohio, (Brush v. Kinsley, 14 Ohio, 20, cited in Richards v. Leaming, 27 Ill. 433,) that the lien was not absolutely extinguished by the assignment of the note, when the liability of the vendor continued upon the note by reason of the indorsement, but was in a sort of abeyance, and might be revived by the vendor after he should have paid the note on his liability as indorser.

In Story's Eq. Jur., Sec. 1224, it is said that, generally speaking, the lien exists, and the burden of proof is upon the purchaser to establish that, in the particular case, it has been intentionally displaced or waived by the consent of the parties. If, under the circumstances, it remains in doubt, then the lien attaches. The difficulty lies in the determining what circumstances are to be deemed sufficient to repel or displace the lien, or to amount to a waiver of it, and this author implies that the taking of other security is not conclusive that the lien is waived, but, as we have already said, the contrary doctrine prevails in this State as familiar learning. Any act or declaration of the vendor which shows that he does not rely upon or has abandoned the lien, operates to destroy it or prevent its attaching to the land. Moshier v. Meek, 80 Ill. 81.

From the authorities briefly alluded to it is easily seen that the point in question partakes of a mixed aspect of law and fact, and it is not always determined without difficulty;

and this, indeed, is the general trend of all the decisions and text writers, and we think from them may be deduced for our present purpose the simple and sufficient statement, that if, from the particular circumstances stated in the bill, it remains in doubt that the vendor intentionally displaced or waived her lien, then the lien attaches. The effect of indorsing the notes and placing them in the hands of a third person as security for a debt merely, has no other or different result than the giving of a mortgage upon real or personal property, which is that the pledgee may, in the one contingency of default in the payment of the debt so secured, resort to the pledge for payment. While in all such cases, as between the pledgor and pledgee, the legal title is thus transferred, the condition of defeasance is always present, and, when performed, the title is defeated and the property disincumbered. It can not be justly said, we think, in any case where such securities are given or accepted in the usual course of business, that it is the intention of the parties that an absolute transfer of the property shall thereby be accomplished. The law itself does not contemplate it, and without a manifest purpose of the parties it would be unreasonable to believe they designed, by their acts, results different from those the law attaches to them. Even after condition broken the right of the pledgee is to resort to the security only to the extent necessary to pay the debt, rendering the surplus to the pledgor, and in this respect the former is but the trustee of the latter. Equity regards the debt as the principal thing, and when that is paid or otherwise secured, the pledgor is restored. Equity, as has been seen, also disregards forms and looks to the substance of things, and in view of this principle we are unable to discover that the mere allowance of the claim in the name of the bank, is of material moment, for, in any case, it would, in equity, inure to the advantage of appellant, who is the sole beneficiary. We are constrained to believe there is nothing in the bill to displace or waive the lien.

The argument of appellees that the lien of appellant is

a secret trust and operates in some way unjustly to other creditors has no more application to the case presented than it does generally to the right of a vendor's lien, and the same argument carried to its logical sequence would abolish all such liens. We are not called upon to justify the existence of vendors' liens, and it is for us a sufficient statement that they have been firmly established in our system of jurisprudence.

For the error in sustaining the demurrer to the bill the decree of the Circuit Court will be reversed and the cause remanded with directions to overrule the demurrer. Reversed and remanded.